IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE R. BEASLEY,

    Petitioner,                      No. CIV S-03-2566 RRB EFB P

    vs.

CLAUDE E. FINN, Warden,

    Respondent.                  <u>FINDINGS & RECOMMENDATIONS</u>

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the September 26, 2005, amended petition in which petitioner challenges a 2001 decision finding him unsuitable for parole. Respondent moves to dismiss upon the grounds that this court lacks subject matter jurisdiction, that petitioner failed to exhaust available state remedies, and certain of petitioner's claims are grounded in state law. Petitioner opposes. For the reasons explained below, the court finds that petitioner states a cognizable claim for relief, respondent has not made any showing that petitioner failed to exhaust available state remedies, and insofar as plaintiff's second claim relies on state law, this court cannot entertain that claim.

////

////

1

## I. Procedural History

Petitioner was convicted of murder on March 28, 1980, and was sentenced to serve 25 years to life in prison with the possibility of parole. *See* Cal. Pen. Code §§ 187, 188, 190(a). On August 22, 2001, the Board of Prison Terms ("BPT") determined that petitioner was not suitable for release to parole. Petitioner filed an administrative appeal on December 9, 2001. On May 24, 2002, before that appeal was resolved, petitioner filed a petition for a writ of habeas corpus in the trial court. The court denied relief on June 20, 2002. On August 8, 2002, the BPT denied petitioner's administrative appeal. On February 19, 2003, petitioner filed a second petition for a writ of habeas corpus in the trial court, which was denied March 24, 2003. On August 22, 2003, petitioner filed a petition for a writ of habeas corpus in the appellate court. On September 11, 2003, that court denied relief. On September 22, 2003, petitioner filed a petition for review in the California Supreme Court. The court denied relief on November 12, 2003.

On December 23, 2003, petitioner filed a petition for a writ of habeas corpus in this court. Respondents moved to dismiss on the ground that petitioner failed to exhaust available state remedies. Accordingly, on February 10, 2005, the court recounted the above procedural history, examined the claims raised in the state and federal petitions, and found that petitioner failed to present his second claim to the California Supreme Court. *See* Findings and Recommendations, filed Feb. 10, 2005. The court dismissed the petition with leave to file an amended petition containing only his exhausted claim. On March 7, 2005, petitioner filed an amended petition and requested that this action be stayed while he presented his claim to the California Supreme Court. The court granted the motion and stayed the case. *See* April 12, 2005, Order.

On July 25, 2005, petitioner notified this court that the California Supreme Court had denied relief on his previously unexhausted claim and moved to vacate the stay. The court granted the motion, and on September 26, 2005, petitioner filed a second amended petition. In it, he alleges: (1) the panel violated due process by relying on the crime and on petitioner's social

history, factors that petitioner cannot now change; (2) the failure to set a parole release date violates the mandate of California Penal Code § 3041, and that failure violates due process; (3) the evidence was not sufficient for the BPT to find petitioner was not suitable for parole, in violation of due process; (4) holding petitioner in prison beyond the BPT's estimated maximum release date makes petitioner's sentence excessive in violation of the Eighth Amendment.

**II.     Liberty Interest in Parole**

As stated, respondent asserts that petitioner has no federally cognizable interest in parole. A federal court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986) (federal habeas relief available only where "the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts."). A petitioner must allege with specificity the grounds upon which he seeks relief and the facts in support of each ground. *See* 28 U.S.C. § 2242; Rule 2(c), Rules Governing Section 2254 Proceedings. The Ninth Circuit has made clear that California prisoners have a federally protected liberty interest in release to parole. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006). Therefore, the procedures utilized in deciding suitability must be adequate to protect this interest, *Kentucky v. Department of Corrections*, 490 U.S. 452, 459 (1989), and there must be "some evidence" to support the decision to deny parole. *See McQuillon v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). Respondent's assertion that petitioner's allegations do not implicate any federally protected liberty interest fails. Respondent's motion on this ground must therefore be denied.

**III.    Failure to Exhaust**

Respondent asserts that petitioner has not presented his Eighth Amendment claim to the California Supreme Court. Petitioner asserts that he did. A district court may not grant a

petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court).

A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In support of his contention, respondent attaches the cover page of petitioner's habeas application filed in the California Supreme Court on March 17, 2005. Respondent asserts, without attaching the body of the petition, "[i]n his state petition, Petitioner presented only one of his two constitutional claims." Motion at 9. In a footnote, respondent asserts:

> The primary state court document is entitled "Supplement for an Ex Parte Motion to Exhaust an Unexhausted Claim," which is annexed to the state form petition for writ of habeas corpus. In the annexed document, petition[er] (sic) sets forth all grounds for relief from the state's highest court.

Motion at 9, fn. 2. Whether petitioner fairly presented his claim to the California Supreme Court

4

is contested and the record is inadequate for the court to resolve the issue. Therefore, respondents' motion on this ground must be denied.

### IV. State Law Claims

Respondent seeks dismissal of petitioner's state-law claim. Petitioner claims that the panel violated his rights under California Penal Code § 3041 by not fixing a set term of imprisonment. Petition at 36-37. As explained above, a federal court cannot grant habeas corpus relief for errors under state law. 28 U.S.C. 2254(a); *Middleton*, 768 F.2d at 1085. The claim heading at page 36 is styled:

> The Board's Failure to Set Parole Release Date at his 2001 hearing in violation of the mandate of Penal Code 3041 Thus, in Violation of the Fourteenth Amendment.

Petitioner argues that the BPT should determine the severity of a prisoner's offense and consider it only once because, "the gravity of the circumstances that surrounds [sic] the offense will never change." Petition at 37. He then asserts that he repeatedly has been denied parole based in part on the circumstances of the offense of which he was convicted, which stand in stark contrast to his behavior since then. Petition at 38, 40. He claims that given the federal liberty interest created by California's parole scheme, it violates federal due process to rely repeatedly on a set of facts that petitioner cannot change when his more recent behavior suggests that he himself has changed. Petition at 38-39. Although on the surface petitioner seems to make a claim based upon an alleged violation of state law, the court finds that petitioner makes a federal due process claim based upon an interest created by state law. Therefore, the court finds that petitioner states a cognizable claim for relief.

### V. Conclusion

For the reasons stated, the court finds that petitioner has a federally cognizable interest in release to parole, respondent has not submitted evidence sufficient for the court to conclude that petitioner failed to exhaust available state remedies and in his second claim, and petitioner makes a federal due process claim.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's October 25, 2005, motion be denied;.

2. Respondent be given 30 days to file and serve a motion or an answer that complies with Rule 5 of the Rules Governing Section 2254 Cases;

3. Petitioner be given 20 days to file a reply or opposition to the motion, as appropriate.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   July 27, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6